**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CHESTER C. CHIANESE DDS LLC, | Civil Action No. 20-5702 (MAS) (ZNQ) |
| Plaintiff, |  |
| v. | **MEMORANDUM ORDER** |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, |  |
| Defendant. |  |

This matter comes before the Court upon Defendant Travelers Casualty Insurance Company of America's ("Defendant") Motion to Dismiss Plaintiff Chester C. Chianese DDS LLC's ("Plaintiff") Amended Complaint. (ECF No. 22.) Plaintiff opposed (ECF No. 23), and Defendant replied (ECF No. 24). The parties also submitted supplemental authority in support of their arguments. (ECF Nos. 25, 26, 28.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Defendant's Motion is granted.

## I.  BACKGROUND

### A.  The Policy

This action involves a COVID-19-related insurance coverage dispute. Plaintiff owns and operates a dental practice in Toms River, New Jersey. (Am. Compl. ¶ 1, ECF No. 19.) Defendant issued an insurance policy to Plaintiff for the period of August 2019 to August 2020 (the "Policy"). (*Id.* ¶ 19.)

The Policy states that Defendant "will pay for direct physical loss or damage to Covered Property . . . caused by or resulting from any Covered Cause of Loss." (Policy *158,[1] Ex. A to Def.'s Moving Br., ECF 22-3; Am. Compl. ¶ 25.) The Policy provides coverage under Business Income, Extra Expense, and Civil Authority provisions. The Business Income provision provides:

> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the period of restoration. The "suspension" must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.

(Policy *159–60; Am. Compl. ¶ 26.) The Extra Expense provision covers "reasonable and necessary expenses" that may be "incur[red] during the 'period of restoration' that [Plaintiff] would not have incurred if there had been no direct physical loss of or damage to property caused by or resulting from a Covered Cause of Loss." (Policy *160; Am. Compl. ¶ 30.) The Civil Authority provision provides that Defendant is liable for the actual loss of business income and extra expense caused by:

> action of civil authority that prohibits access to the described premises. The civil authority action must be due to direct physical loss of or damage to property at locations, other than [the] described premises, that are within 100 miles of the described premises, caused by or resulting from a Covered Cause of Loss.

(Policy *172; Am. Compl. ¶ 32.) The term Covered Cause of Loss, which is found in each of the above-cited provisions, is defined as "risks of direct physical loss unless the loss is[]" limited or excluded. (Policy *160–61; Am. Compl. ¶ 26.) One such exclusion provides that Defendant "will not pay for loss or damage caused by or resulting from any virus, bacterium, or other microorganism that induces or is capable of inducing physical distress, illness, or disease" (the "Virus Exclusion"). (Policy *313; Am. Compl. ¶ 74.)

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

### B.    Plaintiff's Claim

On March 9, 2020, Governor Philip Murphy declared a State of Emergency in response to the COVID-19 pandemic. (Am. Compl. ¶ 61.) Shortly thereafter, Governor Murphy issued executive orders that, among other things, directed the closure of all non-essential businesses and suspended all non-emergency dental procedures. (*Id.* ¶¶ 64, 66.) Due to the executive orders, Plaintiff closed its office on March 18, 2020. (*Id.* ¶¶ 6, 101.) Consequently, "Plaintiff submitted a claim to Defendant under the Policy for [its] losses." (*Id.* ¶ 111.) By letter dated March 30, 2020, Defendant denied coverage. (*Id.* ¶ 8.)

On May 8, 2020, Plaintiff commenced the instant action against Defendant. (Compl.. ECF No. 1.) On August 20, 2020, Plaintiff filed a two-count Amended Complaint asserting claims for (1) declaratory relief, and (2) breach of contract. (Am. Compl. ¶¶ 115–33.) Plaintiff claims that the "Business Income, Extra Expense[,] and Civil Authority provisions of the Policy were triggered by damage and loss caused by COVID-19, the related closure orders[,] . . . and [its] inability to use and/or restricted use of the Covered Property." (*Id.* ¶ 43.)

Defendant moved to dismiss on September 17, 2020 (ECF No. 22), and Plaintiff replied on October 13, 2020 (ECF No. 24). Since then, both parties have submitted supplemental authority in support of their arguments, most recently on February 17, 2021. (ECF Nos. 25, 26, 28.)

### II.    LEGAL STANDARD

A district court conducts a three-part analysis when considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).[2] *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all

---

[2] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

of the plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III.   DISCUSSION

Defendant argues that the Complaint should be dismissed because the Virus Exclusion bars coverage for Plaintiff's claims. (Def.'s Moving Br. 7–10, ECF No. 22-1.) The Court agrees.

Under New Jersey law, the determination of "the proper coverage of an insurance contract is a question of law."[3] *Buczek v. Cont'l Cas. Ins. Co.*, 378 F.3d 284, 288 (3d Cir. 2004) (citation omitted). "In attempting to discern the meaning of a provision in an insurance contract, the plain language is ordinarily the most direct route." *Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am.*, 948 A.2d 1285, 1289 (N.J. 2008). "If the language is clear, that is the end of the inquiry." *Id.* "If the plain language of the policy is unambiguous," the Court should "not engage in a strained construction to support the imposition of liability or write a better policy for the insured than the

---

[3] The parties do not dispute that New Jersey law applies.

one purchased." *Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 129 A.3d 1069, 1075 (N.J. 2016) (citing *Chubb Custom Ins. Co.*, 948 A.2d at 1289).

"In general, insurance policy exclusions must be narrowly construed; the burden is on the insurer to bring the case within the exclusion." *Princeton Ins. Co. v. Chunmuang*, 698 A.2d 9, 16–17 (N.J. 1997) (citation omitted). Exclusions, however, "are presumptively valid and will be given effect if 'specific, plain, clear, prominent, and not contrary to public policy.'" *Id.* at 17 (quoting *Doto v. Russo*, 659 A.2d 1371, 1378 (N.J. 1995)).

Here, the Virus Exclusion states that Defendant "will not pay for loss or damage caused by or resulting from any virus, bacterium, or other microorganism that induces or is capable of inducing physical distress, illness, or disease." (Policy *313.) Plaintiff, in a conclusory manner, argues that the virus exclusion is not clear or unambiguous. (Pl.'s Opp'n Br. 34–35, ECF No. 23.) In doing so, Plaintiff offers no alternative interpretation so as to render the language of the Virus Exclusion ambiguous or otherwise unclear. (*See id.*) Even if Plaintiff did, however, the Court would likely find any such argument unpersuasive.

Since the briefing of this Motion, "a significant number of courts, both in this Circuit and across the country, have analyzed virus exclusion clauses that were either identical or highly similar to the one in Plaintiff's Policy, and consistently reached the same conclusion[:]" the Virus Exclusion bars coverage. *See Del. Valley Plumbing Supply Inc. v. Merchants Mut. Ins. Co.*, No. 20-8257, 2021 WL 567994, at *4 (D.N.J. Feb. 16, 2021) (collecting cases) (granting motion to dismiss where the virus exclusion provided that the insurer "will not pay for loss or damage caused directly or indirectly by . . . any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease").

Recently, Chief Judge Wolfson granted a motion to dismiss where the exclusion clause was virtually identical to the Virus Exclusion in this matter. *Causeway Auto., LLC. v. Zurich Am. Ins. Co.*, No. 20-8393, 2021 WL 486917, at *1 (D.N.J. Feb. 10, 2021). In that case, Chief Judge Wolfson found that the virus exclusion was not "ambiguous in any way" but rather "plainly provides that [d]efendant will not cover any loss caused by any virus . . . or other microorganism that induces or is capable of inducing physical distress, illness, or disease." *Id.* at *5 (internal quotation marks and citations omitted). Chief Judge Wolfson also noted that other courts that have considered similar virus exclusions have found their terms "to be unambiguous and clearly applicable to COVID-19." *Id.* at *5 n.5 (collecting cases). In fact, under similar circumstances, the Western District of Pennsylvania concluded that "the Virus Exclusion bar[red] [the plaintiff's] claim for coverage under any and all provisions of [a] [p]olicy" issued by Defendant. *Windber Hosp. v. Travelers Prop. Cas. Co. of Am.*, No. 30-80, 2021 WL 1061849, at *7 (W.D. Pa. Mar. 18, 2021).

This Court reaches the same conclusion. The Virus Exclusion clearly and unambiguously bars coverage for Plaintiff's claims. Even the Amended Complaint describes COVID-19 as "a highly contagious respiratory virus that has . . . infected more than 2,000,000 people throughout the United States." (Am. Compl. ¶ 6.) As Plaintiff acknowledges, therefore, COVID-19 is a virus "that induces or is capable of inducing physical distress, illness or disease," which falls squarely within the scope of the Virus Exclusion. (*See* Policy *313.) COVID-19 is thus not a Covered Cause of Loss under the Policy. The Court sympathizes with Plaintiff and other businesses alike, but it cannot ignore that the Policy plainly excludes coverage under the circumstances. "The Court may not rewrite the contract for the benefit of either party." *Del. Valley Plumbing Supply*,

2021 WL 567994, at *7. The Court, therefore, grants Defendant's Motion to Dismiss Plaintiff's

Complaint.[4] Accordingly,

IT IS on this 27th day of March 2021, **ORDERED** that:

1.    Defendant's Motion to Dismiss (ECF No. 22) is **GRANTED**.

2.    Plaintiff's Amended Complaint (ECF No. 19) is **DISMISSED** with prejudice.

3.    The Clerk is directed to close this case.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[4] Having found that the Virus Exclusion bars coverage, the Court declines to discuss Plaintiff's argument that Plaintiff is entitled to coverage because it suffered direct physical loss of or damage to the insured property. (Pl.'s Opp'n Br. 7–18.) "[T]his argument puts the cart before the horse. Whether [p]laintiff suffered 'physical loss or damage' is a secondary inquiry. The primary inquiry is whether the alleged physical loss or damage was caused by a virus." *Body Physics v. Nationwide Ins.*, No. 20-9231, 2021 WL 912815, *5 (D.N.J. Mar. 10, 2021). In reaching its decision, the Court also rejects Plaintiff's regulatory estoppel argument and declines to provide a lengthy discussion. As with the Virus Exclusion, courts have consistently rejected virtually identical arguments. *See Del. Valley Plumbing Supply*, 2021 WL 567994, at *5–6 (collecting cases).

7